IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-82203-TLS |
| | ) | |
| RICHARD DEAN GATROST and | ) | CH. 7 |
| KIMBERLY ANN GATROST, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on January 22, 2008, on Debtors' Motion to Avoid Lien of 9010 Fort Street LLC (Fil. #5), and a Resistance thereto by creditor 9010 Fort Street, LLC (Fil. #13). Ronald A. Hunter appeared for Debtors, and Heather S. Voegele-Andersen appeared for 9010 Fort Street, LLC ("9010 Fort").

Debtors filed this motion pursuant to 11 U.S.C. § 522(f) to avoid a judicial lien held by 9010 Fort on real property occupied by Debtors as their residence. Debtors own the real property located at 11846 County Road 36, Blair, Nebraska ("Property") as joint tenants with right of survivorship. Debtors, together with their children, occupy the Property as their family home. Debtors' schedules indicate the Property had a value of $225,000.00 on the bankruptcy filing date. The Property is subject to a first mortgage in the amount of $169,806.00 and a second mortgage in the amount of $41,848.00, leaving $13,346.00 in value above and beyond the consensual mortgage liens. 9010 Fort asserts that the property may be worth $230,000.00 and has value above mortgage liens in the amount of $18,346.00.

On January 26, 2005, 9010 Fort obtained a judgment against Debtors in the County Court of Douglas County, Nebraska, in the principal sum of $27,543.04. On March 9, 2005, 9010 Fort transcribed its judgment to the District Court of Washington County, Nebraska, at which time it became a lien upon all real estate owned by Debtors in Washington County, Nebraska, including the Property. The balance due on the judgment as of the date of bankruptcy filing was approximately $34,207.00.

After filing this Chapter 7 bankruptcy proceeding, Debtors filed a motion to avoid the judicial lien of 9010 Fort. Specifically, Debtors assert that they are entitled to a homestead exemption in the Property in the maximum amount of $60,000.00 pursuant to Neb. Rev. Stat. § 40-101, *et seq.* Debtors claimed their equity in the Property above the consensual liens as being exempt. Debtors filed their motion to avoid the lien of 9010 Fort pursuant to 11 U.S.C. § 522(f) as impairing their homestead exemption.

9010 Fort resisted Debtors' motion, and a hearing was held on January 22, 2008. At the hearing, the attorney for 9010 Fort argued that Debtors do not have the right to apply the homestead exemption against the entire equity in the Property, but could apply it only to Debtor Richard

Gatrost's interest pursuant to Neb. Rev. Stat. § 40-102. Since that argument was raised for the first time at the hearing, the parties were each granted an opportunity to brief the issue.

Neb. Rev. Stat. § 40-102 provides as follows:

> If the claimant be married, the homestead may be selected from the separate property of the husband, or with the consent of the wife from her separate property. When the claimant is not married, but is the head of a family within the meaning of section 40-115, the homestead may be selected from any of his or her property.

9010 Fort argues that the foregoing statute prevents the husband and wife from each claiming a homestead exemption and that, as a result, only Mr. Gatrost should be entitled to an exemption of his interest in the Property. Thus, 9010 Fort urges that its lien should not be avoided as to Mrs. Gatrost's undivided one-half interest in the equity in the Property.

9010 Fort takes the position that its proposed treatment of the homestead exemption is consistent with this Court's ruling in *In re Mueller*, 2007 WL 4893452, ___ B.R. ___ (Bankr. D. Neb. Dec. 17, 2007). In *Mueller*, the debtors had equity in their homestead in excess of consensual mortgage liens in the approximate amount of $18,000.00. The judgment lienholder had a judgment only against the husband. Thus, the judgment could only attach to the husband's undivided one-half interest in the property, which interest had a net value of approximately $9,000.00. This Court held that the husband was entitled to claim the entire homestead exemption of up to $12,500.00[1] against his interest in the property and, therefore, the judgment lien was subject to full avoidance under 11 U.S.C. § 522(f). In so holding, this Court found that the husband was entitled to claim the entire homestead exemption in his separate property pursuant to Neb. Rev. Stat. § 40-102.

9010 Fort's reliance upon *Mueller* in this case is misplaced. In *Mueller*, the creditor had a judgment against only one of the debtors, and the issue involved in the case was whether that debtor was entitled to claim the entire homestead exemption. In the present case, the judgment is against both Debtors. The creditor reads Neb. Rev. Stat. § 40-102 much too narrowly. In fact, the creditor seems to be arguing that Mrs. Gatrost cannot allow her undivided one-half interest in the Property to support part of the homestead exemption. Clearly, that is not what the statute provides.

Debtors own the Property in joint tenancy. 9010 Fort's judgment is a judgment against both Debtors. There is nothing in the Nebraska homestead statutes which prohibits Debtors from jointly asserting a $60,000.00 homestead exemption in their joint property. *See Connor v. McDonald*, 233 N.W. 894, 896 (Neb. 1931) (homestead may be selected from wife's undivided half-interest with her consent). Since Debtors have no equity in the Property above their available exemption, the judgment lien of 9010 Fort impairs their exemption and is subject to full avoidance under § 522(f).

---

[1] The homestead exemption statute was amended effective September 1, 2007, to increase the exemption from $12,500.00 to $60,000.00.

    IT IS, THEREFORE, ORDERED that Debtors' Motion to Avoid Lien of 9010 Fort Street LLC (Fil. #5) is granted.

    DATED:  February 25, 2008.

                                      BY THE COURT:

                                      <u>/s/ Thomas L. Saladino</u>
                                      United States Bankruptcy Judge

Notice given by the Court to:
    *Ronald A. Hunter
    Heather S. Voegele-Andersen
    Richard D. Myers
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.